UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAVID GILMORE,

              Plaintiff,          09 Civ. 6230 (WHP)

  -against-                  MEMORANDUM & ORDER

ABBY GILMORE, et al.,

              Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/11

WILLIAM H. PAULEY III, District Judge:

      Plaintiff David Gilmore moves for reconsideration of this Court's Memorandum & Order dated September 1, 2011 (the "September Memorandum & Order") granting Defendant's motion for summary judgment dismissing Plaintiff's RICO claims and exercising this Court's discretion by declining supplemental jurisdiction over Plaintiff's remaining state claims. For the following reasons, Plaintiff's motion for reconsideration is denied.

      Local Civil Rule 6.3 allows a party to move for reconsideration in light of "matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is an "'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). It is not an invitation to "treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The purpose of reconsideration is

to correct clear error, prevent manifest injustice, or account for newly available evidence. See Parrish, 253 F. Supp. 2d at 715. Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Bermuda, Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (citing Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y 1999)).

Plaintiff fails to meet the standard for reconsideration. He contends that this Court erred in dismissing his RICO claim by failing to disaggregate predicate acts that could have been brought as securities fraud claims from those predicate acts that do not constitute securities fraud. However, he fails to point to any controlling authority that would alter this Court's September Memorandum & Order.

Moreover, the authorities that Plaintiff now cites are not binding on this Court. See Howard v. Am. Online Inc., 208 F.3d 741, 749-50 (9th Cir. 2000); see also Blythe v. Deutsche Bank, AG, 399 F. Supp. 2d 274, 282 (S.D.N.Y. 2005) (allowing plaintiffs who had not alleged any securities fraud to replead their RICO claims, in a case involving six separate groups of plaintiffs). Neither decision changes this Court's determination that the fraudulent corporate acquisitions in the 1990s and the later securities frauds were part of an alleged scheme to pillage the Gilmore family corporations. While some courts have held that predicate acts unrelated to a securities fraud may independently support a RICO claim, they reached that conclusion only because the predicate acts in those cases did not "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise [were] interrelated by

2

distinguishing characteristics and . . . not isolated events." Howard, 208 F.3d at 749 (citing HJ Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989)). But here, Plaintiff alleges that the fraudulent corporate acquisitions in the 1990s and the later securities frauds were all perpetrated by Abby Gilmore and her husband, and that Defendants' course of conduct victimized David Gilmore and his other siblings. Plaintiff also alleges that the purpose and result of all these activities was to loot the closely held family corporations. Accordingly, this Court declines to reconsider its September Memorandum & Order.

    Plaintiff does not point to any controlling authority that requires this Court to grant leave to file an amended complaint. "Where . . . a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality. As a procedural matter, a party seeking to file an amended complaint post judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." Williams v. Citigroup Inc., --- F.3d ----, 2011 WL 3506099 at *3, (2d Cir. 2011 Aug. 11, 2011). Plaintiff requests leave to file an amended complaint based on his view that he may disaggregate certain predicate acts from the alleged securities frauds. But this Court concluded that he may not disaggregate his claim. Because David Gilmore proffers no valid basis to amend or vacate the September Memorandum & Order, his application to file an amended complaint is denied.

    Finally, Plaintiff argues that this Court abused its discretion by declining to exercise supplemental jurisdiction over his state claims and dismissing those claims sua sponte, without giving Plaintiff an opportunity to be heard. However, as expressly stated in the September Memorandum & Order, the decision whether to exercise supplemental jurisdiction is "entirely within the court's discretion and is not a litigant's right." September Memorandum &

Order at 11 (citing Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 263 (2d Cir. 2006)). In addition, this Court notes that Plaintiff was fully aware of the possibility that his state claims could be dismissed and argued against that result in his opposition to Defendants' motion for summary judgment. (See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, filed July 29, 2011 at 6, n. 5.) Therefore, this Court need not have afforded David an opportunity to be heard before dismissing his state claims.

Moreover, the Second Circuit authority cited by Plaintiff does not require this Court to exercise supplemental jurisdiction over his state claims. In each case, the Second Circuit merely approved a district court's exercise of supplemental jurisdiction and did not hold that the district judge exceeded his discretion by failing to exercise jurisdiction. See Novak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1192 (2d Cir. 1996). In addition, the cited authority supports this Court's holding that "a court should generally retain jurisdiction if the state claims implicate preemption issues, the federal claims are voluntarily dismissed days before trial, or the court has decided multiple prior dispositive motions." September Memorandum & Order at 12 (citing Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003); see also, e.g., Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (approving exercise of jurisdiction where district court had decided a motion to dismiss early in the case and had not dismissed the last federal claim until the close of evidence); Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990) (approving exercise of jurisdiction where district court had heard three dispositive motions). Accordingly, this Court is not required to exercise jurisdiction over Plaintiff's state law claims.

4

Further, this Court declines Plaintiff's invitation to reweigh the Cohill factors, which it already carefully applied to this case. This Court supervised discovery. The time and effort spent by the parties conducting discovery and preparing for trial is not wasted, and David Gilmore's state claims can easily be readied for trial in the appropriate state tribunal.

## CONCLUSION

For the foregoing reasons, Plaintiff David Gilmore's motion for reconsideration is denied. The Clerk of the Court is directed to terminate the motion pending at Docket Entry No. 169.

Dated: November 10, 2011
       New York, New York

                              SO ORDERED:

                              _____
                              WILLIAM H. PAULEY III
                              U.S.D.J.

*Counsel of Record:*

Jay B. Itkowitz, Esq.
Itkowitz & Harwood
305 Broadway, 7th Floor
New York , NY 10007
*Counsel for Plaintiff*

Mathew E. Hoffman, Esq.
Barton Barton & Plotkin
420 Lexington Avenue
New York, NY 10170
*Counsel for Defendants*

5